IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KARI KAUFFMAN,

               Plaintiff,

     v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

               Defendant.

Case No. 1:12-cv-00772-AC

**AMENDED OPINION AND ORDER**

**Michael H. Simon, District Judge.**

     United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case. Dkt. 18. Judge Acosta recommended that the Commissioner's decision that Kauffman was not disabled be affirmed.

     Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendation, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendation to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review de novo magistrate's findings and recommendation if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendation for "clear error on the face of the record."

Plaintiff Kari Kauffman ("Kauffman") timely filed objections to Judge Acosta's Findings and Recommendation (Dkt. 20), to which Defendant Commissioner Carolyn Colvin ("Commissioner") responded (Dkt. 21). Kauffman objects to the portion of Judge Acosta's Findings and Recommendation regarding the Administrative Law Judge's ("ALJ") evaluation of the medical opinion evidence, the ALJ's discrediting of Kauffman's testimony and third party witness testimony, and the ALJ's finding of Kauffman's Residual Functioning Capacity ("RFC").

The Court reviewed *de novo* the portions of Judge Acosta's Findings and Recommendation to which the parties objected, and reviewed for clear error the remaining

portions of Judge Acosta's opinion. The Court agrees with each of Judge Acosta's Findings and

Recommendations.[1]

The Court ADOPTS Judge Acosta's Findings and Recommendation, AFFIRMING the

Commissioner's decision regarding Kauffman's disability.

**IT IS SO ORDERED.**

---

[1] The Court notes, however, that if Kauffman had applied for Supplemental Security Income benefits, she would be found disabled upon her 50th birthday if she was otherwise eligible for Supplemental Security Income. On May 24, 2014, Kauffman turned 50 years old, changing her age category under the Medical-Vocational Guidelines (or "grids") from a "younger individual" to an individual "approaching advanced age." *See* AR 34; 20 C.F.R. Pt. 404, Subpt. P, App. 2. The Medical-Vocational Guidelines direct a finding of disability for an individual, like Kauffman, who is approaching advanced age with a RFC of sedentary work who has a high school education or more and previous work experience of semiskilled work. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1. For a younger individual under like circumstances, the Medical-Vocational Guidelines do not require a finding of disability. *Id.*

In *Chavez v. Bowen*, 844 F.2d 691 (1988), the Ninth Circuit addressed an appeal brought by an individual who had initially been denied social security benefits, turned 55, thereby shifting age categories from an individual "approaching advanced age" to an individual of "advanced age," and then reapplied for social security benefits. 844 F.2d at 693. The court held that the change in age constituted "changed circumstances" because "a change in age status often will be outcome-determinative under the bright-line distinctions drawn by the Medical-Vocational grids," therefore, the first ALJ's decision finding the claimant not disabled was not preclusive. *Id.* The court drew a distinction between the ALJ's decision on the claimant's disability and the ALJ's finding regarding the claimant's RFC. *Id.* at 693-94. The court found that the first ALJ's finding that the claimant could perform "light work" was "entitled to some res judicata consideration in subsequent proceedings." *Id.* at 694. Based on the claimant's new age category and the first ALJ's finding that the individual could perform light work, the Medical-Vocational grids demanded a finding of disability. *Id.*

In this case, the ALJ's finding that Kauffman can perform only sedentary work is preclusive. The administrative record established that Kauffman has a high school education plus a few years of college, but no certificate or degree. AR 34. Kauffman's past work as a grocery clerk was semiskilled. AR 57. Because Kauffman was found unable to perform past relevant work, it is appropriate to consult the Medical-Vocational grids. *See* AR 62. Considering the ALJ's limitation to sedentary work along with Kauffman's change in age categories, the Medical-Vocational grids would require a finding of disability if Kauffman had applied for Supplemental Security Income or had turned 50 before her date last insured. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1. Kauffman's date last insured was March 31, 2014. Kauffman's age category changed *after* her date last insured and thus does not change the outcome in this case.

DATED this 27th day of May, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge