IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KARI KAUFFMAN**, <br><br> Plaintiff, <br><br> v. <br><br> **NANCY A. BERRYHILL**, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 1:12-cv-772-AC <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

On May 1, 2012, Plaintiff Kari Kauffman filed a lawsuit challenging the final decision of the Commissioner of Social Security. ECF 1. United States Magistrate Judge John V. Acosta issued Findings and Recommendation on the merits of Plaintiff's case on November 4, 2013. ECF 18. On May 27, 2014, the Court issued an Amended Opinion and Order adopting Judge Acosta's Findings and Recommendation and affirming the Commissioner's decision. ECF 23. On appeal, the Ninth Circuit Court of Appeals reversed and remanded the Court's decision. ECF 27. Pursuant to the Ninth Circuit's mandate, the Court vacated its May 7, 2014 judgment, reversed the decision of the Commissioner, and remanded the action to the Commissioner for further proceedings. ECF 29. On August 9, 2017, Plaintiff moved for fees pursuant to the Equal

Access to Justice Act ("EAJA"). ECF 30. The government opposed. ECF 33. On February 1, 2018, Judge Acosta issued a Findings and Recommendation, recommending that the Court deny Plaintiff's motion for fees. ECF 35. The Court declines to adopt Judge Acosta's Findings and Recommendation, and grants Plaintiff's motion for EAJA fees.

## STANDARDS

### A. The Findings & Recommendation

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Kauffman timely filed an objection (ECF 37), to which the Commissioner responded. ECF 38. Kauffman objects to the entirety of Judge Acosta's recommendation finding EAJA fees unwarranted. The Court, therefore, reviews Kauffman's application for fees *de novo*.

**B. Fees Under the Equal Access to Justice Act**

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

A court applies a reasonableness standard in determining whether the government's position was substantially justified. *Flores*, 49 F.3d at 569. "The government has the burden of showing that its position was substantially justified." *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017). It must demonstrate that its position had a reasonable basis in both law and fact. *Flores*, 49 F.3d at 569-70. The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citation and quotation marks

omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259.

The government's failure to prevail in its position on the underlying issues is not dispositive of the issue of whether the government's position was "substantially justified." *See, e.g., Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). A court's reversal of the ALJ's decision, however, is a strong indication that the government's defense of that decision was not substantially justified. *See Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("Our holding that the agency's decision of [this] case was unsupported by substantial evidence is therefore a strong indication that the position of the United States in this matter was not substantially justified. Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.") (quotation marks omitted).

Under the EAJA, if the government's position is not substantially justified, the court has discretion to determine whether the requested fees are reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990) (the court has similar discretion under the EAJA to determine the reasonableness of fees as it does under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, as described in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (discussing the *Jean* clarification that the *Hensley* analysis applies to EAJA cases). One factor a court must consider in this analysis is the results obtained. *See Atkins*, 154 F.3d at 989 (the results obtained factor of the *Hensley* fee analysis applies to cases under the EAJA). The Ninth Circuit has cautioned that district courts may not

reduce requested fees in social security disability appeals without providing relatively specific reasons. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1136–37 (9th Cir. 2012).

## DISCUSSION

It is undisputed that Plaintiff is the prevailing party in this case. Plaintiff also alleged in her request for fees, as required, that the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). The Commissioner opposed Plaintiff's motion on the grounds that the government's position was substantially justified.

It is well-settled that the government carries the burden of proving that its position was substantially justified. *See, e.g.*, *Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013); *Sianian v. Apfel*, 202 F.3d 279 (9th Cir. 1999) ("The denial of attorneys' fees to the prevailing party where the government has failed to meet its burden of establishing substantial justification for its position at each stage in the proceedings is an abuse of discretion."). Here, the government puts forward little argument or discussion to support its assertion that its position was substantially justified. The government provides the following justifications: first, that the Ninth Circuit has never stated that a claimant should be awarded attorney's fees every time the Ninth Circuit reverses and remands an ALJ's decision for lack of substantial evidence, and that the fact that a claimant prevails on the merits does not raise a *presumption* that the government's position was not substantially justified. Second, the government argues that the Court must assess the justification of the Commissioner's position based on its reasonableness *before* the Ninth Circuit's remand of the case. Third, the government argues that the Court may consider the Commissioner's initial success in the district court as evidence that the Commissioner's position was substantially justified, and that because Judge Acosta and the Court affirmed the Commissioner's decision, "all indications were that the position was substantially justified." Finally, the government asserts that although the Ninth

PAGE 5 – ORDER

Circuit disagreed with this Court's initial decision, it did not find any of its analysis to be based on an error of law or otherwise devoid of a reasonable basis in fact. The government has not carried its burden of proof.

"The government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988); *see also Petition of Hill*, 775 F.2d 1037, 1042 (9th Cir. 1985) ("That the Government lost does not raise a presumption that its position was not substantially justified."). This fact, however, does not advance the government's argument that its position *was* substantially justified.

As the government argues, that the Court may consider, as a factor in determining whether the government's position was substantially justified, the fact that both a magistrate judge and this Court previously agreed with the government's position. *See Meier v. Colvin*, 727 F.3d 867, 873 (9th Cir. 2013) ("[I]t was proper for the district court to consider the government's success in the district court as part of the EAJA analysis.") (emphasis omitted); *Lewis v. Barnhart*, 281 F.3d 1081, 1084 (9th Cir. 2002) (noting that "the district court could consider the magistrate judge's decision" in determining whether the Commissioner was substantially justified). It also clear, however, that the government's success before the district court does not, in itself, establish that its position was substantially justified. *See Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified."); *Lewis v. Barnhart*, 281 F.3d 1081, 1084 (9th Cir. 2002) (quoting *Pierce*). As the Ninth Circuit has explained:

> [A] district court's decision cannot be made the last word in a system where every litigant has the right to ask the circuit court for a different view of the law. It is no disparagement of a respected district judge if the circuit court's view of the law is different. Our

> precedents do not treat the district judge's agreement with the
> government in the initial case as conclusive as to whether or not
> the government was reasonable.

*United States v. One 1984 Ford Van, bearing VIN No. 1FBHS3110EHB470717*, 873 F.2d 1281, 1282 (9th Cir. 1989). Thus, the government's argument that the Court may consider its prior agreement with the government's position does not, by itself, carry the government's burden of proving that its position was substantially justified.

The government also argues that the Court must consider whether the government was substantially justified in light of the law as it existed before the Ninth Circuit's remand. Although this is true, *see Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017) ("[W]e must assess the justification of the Commissioner's position based on its reasonableness before the district court made its decision on the merits."), it does not aid the government's argument in this case. The government does not argue that the Ninth Circuit's decision remanding this case *changed* the law in any way or clarified an ambiguous area of the law. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1261 (9th Cir. 2001) ("In several cases, we have held that the government's litigation position was substantially justified when the rules under which it was operating were ambiguous and it pursued a *reasonable* interpretation on which we had not previously ruled.") (emphasis in original); *see also Trujillo v. Berryhill*, 700 F. App'x 764, 766 (9th Cir. 2017) (district court did not err in "concluding the government's litigation position was substantially justified" by relying "upon the lack of controlling precedent and the inconsistency of district court decisions" on the matter at issue in the case); *Allen-Howard v. Comm'r Soc. Sec. Admin.*, 615 F. App'x 402, 403 (9th Cir. 2015) (ALJ's position and position before district court were substantially justified because at the time of the ALJ and district court decision, "district courts of [the Ninth Circuit] ha[d] split on [the relevant] question, and there was no controlling authority to guide the ALJ"; thus, Allen-Howard's case involved "contested interpretations of an ambiguous legal rule")

PAGE 7 – ORDER

(quoting *Gutierrez*, 274 F.3d at 1262). *But see Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017) ("The government's position is not substantially justified simply because our precedents have not squarely foreclosed the position."); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1262 (9th Cir. 2001) ("We have never held that the government is automatically shielded from a fee award because its argument involves any issue on which this court has not ruled.").

Finally, the government argues that although the Ninth Circuit disagreed with this Court's initial decision on the merits, it "did not find any of its analysis to be based on an error of law or otherwise devoid of a reasonable basis in fact." Regardless of whether this is true, it is not the relevant question. The government must establish that *its* positions—not the Court's—had a reasonable basis in law and in fact. To the extent the government argues that the Court's position was the same as the government's, and that the Ninth Circuit thus implicitly concluded the *government's* positions were not based on an error of law or devoid of a reasonable basis in fact, the Court is unconvinced. As an initial matter, the government provides no supporting analysis for such an assertion. Further, upon the Court's own review of the Ninth Circuit decision remanding Plaintiff's case, it is not at all clear that the Ninth Circuit did not find the Court's analysis to be based on an error of law or lacking a reasonable basis in fact. For instance, the court found, contrary to this Court's decision, that only one reason for rejecting Plaintiff's testimony was supported by the record. Similarly, the court concluded, contrary to this Court's finding, that the ALJ's speculation that Plaintiff's father was "transferring" some of his own experience with rheumatoid arthritis onto his daughter was not supported by the record. These findings suggest, albeit implicitly, that the district court's findings were not supported by a reasonable basis in fact.

The government has provided no other arguments or reasoning to support its assertion that its positions were substantially justified. The Ninth Circuit "do[es] not generally favor requiring judges in fee application proceedings to search out and research arguments that the other side does not make." *Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004). In cases where the government does not make *any* objection to an EAJA fee request, a court may, at its discretion, "determine that the government's lack of timely opposition is tantamount to a concession that its position in the litigation was not substantially justified." *Id.* "Alternatively, the court may treat the government's non-opposition as constituting a failure to offer a basis for a finding of substantial justification and, thus, a failure to carry its burden of proof." *Id.* (citing *Libas, Ltd. v. United States*, 314 F.3d 1362, 1366 (Fed. Cir. 2003), for the proposition that "a court may grant [EAJA fees] 'by relying on the government's failure to timely submit any evidence or explanation to carry its burden of proving its position was substantially justified as an admission' that its position was *not* substantially justified") (emphasis in original).

In this case, although the government provides *some* specific objections to Plaintiff's motion for EAJA fees, none of the government's asserted arguments, either alone or in combination, is enough to carry its burden of showing that its position was substantially justified. The Court declines to "search out and research arguments" that the government did not make. *See id.* Furthermore, the Court is unconvinced that the government could, even with more argument, meet its burden. There is no evidence that this is one of those "decidedly unusual case[s] in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874.

The government did not object to the reasonableness of Plaintiff's requested fees. The Court has reviewed Plaintiff's motion and finds that the fees requested are reasonable. For the reasons discussed in this Order, Plaintiff's motion for EAJA fees (ECF 30) is GRANTED.

**IT IS SO ORDERED.**

DATED this 27th day of March, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge